MMS:KTF
F. #2016R01040

2016 NOV 14  PM 3: 33

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JEFFREY ROBINSON,

        Defendant.

- - - - - - - - - - - - X

I N D I C T M E N T

CR.16    0 0 5 8 0

(T. 18, U.S.C., §§ 2251(a), 2251(e),
2252(a)(2), 2252(b)(1), 2253(a), 2253(b),
2423(b), 2428, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

**MATSUMOTO, J.**

REYES, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Sexually Exploit a Child)

1.    On or about June 29, 2011, within the Eastern District of New York and elsewhere, the defendant JEFFREY ROBINSON, together with others, did knowingly and intentionally conspire to employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe, an individual whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: using one or more computers, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in

and affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section 2251(a).

(Title 18, United States Code, Sections 2251(e) and 3551 et seq.)

## COUNT TWO
(Sexual Exploitation of a Child)

2. On or about June 29, 2011, within the Eastern District of New York and elsewhere, the defendant JEFFREY ROBINSON, together with others, did knowingly and intentionally attempt to and did employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: using one or more computers, and such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and which were in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e), 2 and 3551 et seq.)

## COUNT THREE
(Receipt of Child Pornography)

3. On or about June 29, 2011, within the Eastern District of New York, the defendant JEFFREY ROBINSON did knowingly and intentionally receive one or more visual depictions, to wit: the images depicted in the computer file "Cathy-2011.06.29-03.03.02," using a means and facility of interstate and foreign commerce, which visual

depictions had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

(Title 18, United States Code, Sections 2252(a)(2), 2252(b)(1) and 3551 et seq.)

### COUNT FOUR
(Travel with Intent to Engage in Illicit Sexual Conduct)

4. On or about and between April 23, 2015 and June 12, 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JEFFREY ROBINSON, a United States citizen, did travel in foreign commerce for the purpose of engaging in any illicit sexual conduct with another person, to wit: ROBINSON travelled from Queens, New York to the Philippines by airplane for the purpose of engaging in a commercial sex act with a person under 18 years of age.

(Title 18, United States Code, Section 2423(b) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH THREE

5. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18 of the United States Code, or any book, magazine,

periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to one Dell Inspiron 1764 Laptop Computer, Serial Number HLDJ7P1.

      6.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States Code, Section 853(p))

5

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

7. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2428, which requires the forfeiture of (a) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense; and (b) any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such offense, including but not limited to one Dell Inspiron 1764 Laptop Computer, Serial Number HLDJ7P1.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

6

to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. #2016R01040

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*JEFFREY ROBINSON,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 2251(a), 2251(e), 2252(a)(2), 2252(b)(1), 2253(a), 2253(b), 2423(b), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____*Ann Marie Loutl*_____

Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____

Clerk

*Bail, $* _____

_____

*Kaitlin Farrell, Assistant U.S. Attorney (718) 254-6072*